Charles T. Major, J.
This claim, alleging negligence on the part of the State, was filed to recover damages for personal injuries.
On March 29, 1954 and for several years prior thereto, claimant lived in an apartment located at 206 State Street in the city of Albany, New York, opposite Capitol Park. This park is owned and maintained by the State of New York, and the walks therein are for public use. (L. 1832, ch. 138, § 6; L. 1888, ch. 380, § 1.)
On numerous occasions prior to the date of the accident herein, claimant walked through the park and was familiar with it.
About 11 o’clock in the evening of March 29, 1954 claimant left her apartment with her dog on a leash, crossed the street (State Street), and entered the park area. She unleashed her dog and allowed it to run free. It was raining during the evening and stopped a short time before claimant entered the park. The grounds were still wet and the air misty. As claimant continued to walk in a generally northerly direction, near the western-most curb of the walk which bisects the park area, she arrived at the outer circumference of a circle located approximately in the center of the park area. When she reached a point practically at the base of light pole number 14, and was about to turn in a westerly direction toward the State Office Building, claimant stepped on the broken edge of a concrete flagstone, lost her balance, fell, and as a result, sustained a fracture of her left wrist. This flagstone was raised about two inches over the adjoining flagstone, and its edge was cracked and broken off, causing a hole 5 to 6 inches wide, and in part about 2 to 2% inches deep. This hole was filled with water to a depth of about 1% inches. Although the lights were on in the park, the lamp post was constructed in such a manner that the metal part under the lamp globe cast a shadow over the area of the hole, which together with the color and depth of the water were very deceptive and constituted a trap. There was a curbing about 5 inches high and 6 inches wide in close proximity of the hole in question.
The claimant offered the testimony of Franklin P. Gavin, a prominent Albany attorney, who testified, in substance, that he used the Capitol Park frequently prior to the date of the accident herein, and for several months observed the condition of the area of the accident, and the hole in which claimant stepped before she fell. From his testimony, the court finds that the defect above described existed for a substantial period of time, so that the State was charged with constructive notice. The *3 defect in this sidewalk could have been easily detected and remedied. This defect was the proximate cause of this accident.
The State has a duty to keep its public thoroughfares in a reasonably safe condition for the use of pedestrians, and the failure of the State to repair the defect in such walk constitutes negligence for which it is liable.
The claimant was not guilty of contributory negligence.
As a result of the accident, claimant suffered severe pain and sustained a fracture of the distal end of the left radius and styloid process of the ulna. She was hospitalized for five days and her wrist was in a cast from March 30 to April 27, 1954. She was unable to work from March 30 to May 17, 1954. She incurred hospital bill of $65.50; and doctors’ bills amounting to $148. The claimant suffered no permanent injury, with the exception of occasional weather-change sensations.
Claimant is entitled to an award in the sum of $2,063 for her injuries, pain and suffering, which sum also includes loss of wages and $213.50 medical expenses.
The claimant received disability benefits from the Mutual Benefit Health and Accident Association of Omaha, pursuant to section 227 of the Workmen’s Compensation Law, and the amounts paid to her shall be a lien against the award herein.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Judgment is directed accordingly.